# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Nadia Jackson, | Civil No. 10-2370 (JRT/JJG) |
| Plaintiff, | |
| v. | **REPORT**<br>**AND**<br>**RECOMMENDATION** |
| Metropolitan Council HRA Management<br>Association,<br>Lucia Clausen,<br>Barbara Knox, | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This litigation came before the undersigned on February 24, 2011 on the parties' motions to dismiss (Doc. Nos. 16, 25). Plaintiff Nadia Jackson appeared on her own behalf. Mary G. Dobbins, Esq., appeared for defendant Metropolitan Council HRA Management Association (hereinafter Met Council HRA). Lonnie F. Bryan, Assistant United States Attorney, appeared for defendants Lucia Clausen and Barbara Knox. The motions are referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

In her complaint, Ms. Jackson (Jackson) chiefly alleges that Met Council HRA engaged in discrimination when it terminated her Section 8 rental subsidy. Jackson then lodged complaints with the two individual defendants, who are both employed by agencies within the Department of Housing and Urban Development (HUD). Because they did not adequately investigate her complaints, Jackson alleges, they are complicit in Met Council HRA's discrimination.

Based on these allegations, Jackson contends that Lucia Clausen violated Title VI of the Civil Rights Act. Jackson separately asserts that Barbara Knox violated Title VIII of the Civil

Rights Act,[1] as well as HUD regulations and an executive order.  In connection with these claims, Jackson seeks pecuniary damages and injunctive relief.  Ms. Knox and Ms. Clausen (hereinafter the HUD defendants) now move to dismiss.

Jackson also has her own motion to dismiss.  Although the precise basis for this motion is not immediately evident from her motion papers, at the motion hearing, Jackson indicated that she did not oppose the dismissal of the HUD defendants.  Jackson stated that, once the HUD defendants were dismissed, the Department of Justice would then be able to intervene on her behalf.  This Court expresses no opinion regarding the likelihood of such intervention.

Based on the representations from Jackson at the motion hearing, the HUD defendants' motion is technically unopposed.  Nevertheless, it seems prudent to avoid any ambiguity about whether the HUD defendants are properly part of this litigation.  For this reason, this Court will consider the HUD defendants' motion to dismiss on its merits.

**A.      Standard of Review**

In their motion to dismiss, the HUD defendants present two separate challenges.  They seek dismissal in part under Rule 12(b)(1), for lack of subject matter jurisdiction; and also under Rule 12(b)(6), for failure to state a claim.  Because the subject matter argument is a facial one, based solely on the allegations in the complaint, it is governed by the same standard of review as a motion to dismiss for failure to state a claim.  *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

Under this standard, a court is ordinarily limited to the allegations in the complaint, with all reasonable inferences taken for the plaintiff.  *Cole v. Homier Distributing Co.*, 599 F.3d 856,

---

[1]      The law is also known as the Fair Housing Act, but in the interests of consistency, this report refers to it as Title VIII.

861 (8th Cir. 2010). Taking such inferences, if subject matter jurisdiction is not established for any claims, those claims are properly dismissed for lack of subject matter jurisdiction. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). Similarly, if allegations in the complaint cannot plausibly support a cause of action on the merits, it is proper to dismiss for failure to state a claim. *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quotations omitted).

**B.     Subject Matter Jurisdiction**

The HUD defendants' jurisdictional argument is founded on sovereign immunity. Under this doctrine, the federal Government is immune from liability unless it consents to jurisdiction, as expressed in unambiguous statutory text. In the absence of such consent, courts lack subject matter jurisdiction over the Government. *Miller v. Tony & Susan Alamo Foundation*, 134 F.3d 910, 915-16 (8th Cir. 1998).

As the Government itself is not named as a party to this litigation, the initial question is whether the Government should be deemed the real party in interest, in the place of the HUD defendants. If it is, the question becomes whether the Government has consented to jurisdiction and thereby waived sovereign immunity.

**1.     Application to Federal Officials**

Sovereign immunity cannot be conferred to federal officials unless the action is effectively one against the Government. To determine this, courts examine whether a judgment against the officials would be satisfied from the public treasury; whether that judgment would interfere with public administration; or whether that judgment would restrain the Government from acting or

compel it to act.  *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1012-13 (8th Cir. 1984) (quoting *Dugan v. Rank*, 372 U.S. 609, 920 (1963)).[2]

Where a plaintiff only seeks pecuniary damages from a federal official, then there are no demands on the public treasury or governmental administration, and the action is not effectively against the Government.  But where a plaintiff seeks damages and injunctive relief, the action is effectively against the Government and sovereign immunity can attach.  *See Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993) (recognizing sovereign immunity where plaintiffs sought the return of property and compensatory damages).

In her complaint, Jackson seeks both compensatory damages and "affirmative steps . . . to prevent and remedy discrimination[.]"  This is essentially a request for injunctive relief, an effort to compel particular conduct from the Government.  Such relief would also interfere with public administration.  For these reasons, Jackson's action against the HUD defendants is effectively one against the Government, and sovereign immunity can be conferred to the HUD defendants.

## 2.      Consent to Jurisdiction

Because this action against the HUD defendants is effectively one against the Government, sovereign immunity can attach.  But as mentioned at the outset, if the Government expressly and unambiguously consents to jurisdiction, then sovereign immunity is waived.

In this context, the critical distinction is the form of relief.  Regardless of the underlying cause of action, if nonmonetary relief is sought, the Government has expressly waived sovereign immunity through the Administrative Procedure Act (APA).  *Raz v. Lee*, 343 F.3d 936, 938 (8th

---

[2]      The HUD defendants argue that, because they are being sued in their official capacity, the action is effectively one against the Government.  This argument is premised on case law under 42 U.S.C. § 1983, which distinguishes between "official capacity" and "individual capacity" actions against state officials.  *See generally Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  As this distinction only applies in the context of § 1983, it does not advance the analysis here.

Cir. 2003).  Consistent with this waiver, sovereign immunity does not bar suit for nonmonetary relief under Title VI or Title VIII.  *See Lane v. Pena*, 518 U.S. 187, 192-94 (1996) (ruling that the APA waives sovereign immunity as to equitable remedies sought through Title VI); *see also Liddy v. Cisneros*, 823 F.Supp. 164, 171 (S.D.N.Y. 1993) (Title VIII); *Tinsley v. Kemp*, 750 F.Supp. 1001, 1009-10 (W.D.Mo. 1990) (Title VI and Title VIII).[3]

There is no comparable waiver, however, for pecuniary damages.  Neither Title VI nor Title VIII has any express statutory language that authorizes the recovery of damages from the Government.  *See Lane*, 518 U.S. at 192 (discussing remedies available under Title VI); *Gregory v. South Carolina Dep't of Transp.*, 289 F.Supp.2d 721, 726 (D.S.C. 2003) (Title VIII); *Furtick v. Medford Housing Auth.*, 963 F.Supp. 64, 71-72 (D.Mass. 1997) (Title VIII).  So to the extent Jackson seeks damages from the HUD defendants under either Title VI or Title VIII, such relief is barred by sovereign immunity.

## C.    Failure to State a Claim

### 1.    Title VI

For her claim against Clausen, Jackson seeks relief under Title VI, which makes it unlawful to exclude any person from a federally funded program due to their membership in a protected class.  42 U.S.C. § 2000d.  As the HUD defendants correctly observe, this law requires a plaintiff to show that a defendant intentionally discriminated against a protected person.  *See, e.g., Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 794 (8th Cir. 2010).

---

[3]    Anticipating this outcome, the HUD defendants imply that because Jackson is not entitled to relief under the APA, this overcomes waiver and essentially reinstates sovereign immunity. But the HUD defendants do not cite any authority in support of this view, nor does there appear to be any.  For reasons that will be discussed later on, however, the APA does affect the analysis under Rule 12(b)(6), regarding whether Jackson can state a claim on the merits.

The HUD defendants argue that, because there is no indication that Clausen intentionally discriminated against Jackson, there can be no claim under Title VI. This Court agrees. Reading the complaint in Jackson's favor, it is not possible to infer that Clausen intended to discriminate against Jackson. For that matter, the complaint does not say how Clausen was involved in, or had knowledge of, the alleged discrimination by Met Council HRA. As a result, the action under Title VI is properly dismissed for failure to state a claim.

## 2.    Title VIII

Among other claims, Jackson seeks relief against Knox pursuant to Title VIII. This law principally forbids owners or sellers of real property from discriminating against qualified renters or purchasers because of their membership in a protected class. *See* 42 U.S.C. § 3604.

Jackson does not allege that Knox engaged in such discrimination. She instead alleges that Knox, incident to her responsibilities as a HUD official, should be liable for her failure to enforce the law and thus prevent such discrimination. To explain how Knox fits into these allegations, it is helpful to briefly outline the administrative remedies provided by Title VIII.

Upon an alleged violation of Title VIII, an aggrieved person may file a complaint with the Secretary of HUD, who then "shall make an investigation of the alleged discriminatory housing practice." 42 U.S.C. § 3610(a)(1)(B)(iv). Where feasible, the Secretary must issue a written report and assess whether there is "reasonable cause" to conclude that a violation occurred. On a finding of reasonable cause, the Secretary must commence an administrative enforcement action against the alleged violator. 42 U.S.C. §§ 3610(g)(2), 3612.

In her complaint, Jackson contends that she filed an administrative complaint with Knox, implying that Knox was responsible for carrying out the responsibilities of the Secretary under

Title VIII.   Jackson alleges that Knox failed these duties, by not adequately investigating the claim or recommending further enforcement against Met Council HRA.

The HUD defendants initially argue that, if an aggrieved person challenges the Secretary's failure to comply with the administrative procedures in Title VIII, there is no direct cause of action under Title VIII and the aggrieved person must instead seek judicial review under the APA.   They further assert that, even if Jackson had pleaded a cause of action under the APA, Jackson has other, alternate remedies that preclude judicial review under the APA.   Taking both of these arguments together, the HUD defendants accordingly contend that Jackson cannot bring any claims against Knox incident to Title VIII.

These arguments are well founded.   Where an aggrieved person challenges the Secretary's failure to properly enforce Title VIII, the remedy would be an action for judicial review under the APA.   *Godwin v. Sec'y of Housing & Urban Devel.*, 356 F.3d 310, 312 (D.C. Cir. 2004) (per curiam); *NAACP v. Sec'y of Housing & Urban Devel.*, 817 F.2d 149, 153-54 (1st Cir. 1987) (Breyer, J.).

Turning to the APA, judicial review is only authorized for actions made reviewable by statute or "agency action for which there is no adequate remedy in a court."   5 U.S.C. § 704.   But Title VIII provides an adequate remedy in court, as it authorizes direct action in court against those who violate that law.   *See* 42 U.S.C. § 3613.   As a result, the APA does not permit judicial review of alleged failures to enforce Title VIII.   *See, e.g., Turner v. Sec'y of Dep't of Housing & Urban Development*, 449 F.3d 536, 539-40 (3d Cir. 2006); *Godwin*, 356 F.3d at 312; *Marinoff v. Dep't of Housing & Urban Devel.*, 78 F.3d 64, 64 (2d Cir. 1996) (per curiam), *adopting* 892 F.Supp. 493 (S.D.N.Y. 1995).

Consistent with these rules, Jackson cannot bring direct action under Title VIII to compel enforcement of that law, nor can she seek judicial review under the APA for a failure to enforce Title VIII.  For these reasons, Jackson's claim under Title VIII is properly dismissed as well.

### 3.    Housing Regulation; Executive Order

A few miscellaneous concerns require further discussion.  In addition to her claim under Title VIII, Jackson also seeks relief against Knox under two HUD regulations and an executive order.  The regulations are 24 C.F.R. § 8.56, which sets forth the procedures for receiving and investigating complaints from disabled persons; and 24 C.F.R. § 50.3, which provides guidelines for environmental review.  The executive order outlines various procedures to foster fair housing practices.  Exec. Order No. 12892, 59 Fed.Reg. 2939 (Jan. 17, 1994).[4]

Neither regulation provides a direct cause of action, or any other form of relief, at court.  And consistent with the discretion that Congress has vested in HUD, a violation of § 8.56 is not even subject to judicial review under the APA.  *American Disabled for Attendant Programs Today v. Dep't of Housing & Urban Devel.*, 170 F.3d 381, 386 (3d Cir. 1999).  For these reasons, Jackson cannot proceed with a direct claim under either regulation.

Unless an executive order has the force and effect of law, and that order expressly creates a private cause of action, a plaintiff cannot state a claim under an executive order.  *Indep. Meat Packers Ass'n v. Butz*, 526 F.2d 228, 235-36 (8th Cir. 1975).  Assuming for the sake of argument that the executive order here has the force of law, it does not set forth a private cause of action or allude to any remedies in court.  As a result, the executive order also does not supply any cause for relief either.

---

[4]    Although the HUD defendants have not specifically addressed these claims, a court may dismiss for failure to state a claim on its own initiative.  *Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991).  In the interests of efficiency, and to ensure complete disposition of all putative claims against the HUD defendants, this Court thinks it appropriate to address these issues.

D.      **Conclusion**

To the extent the HUD defendants seek dismissal for lack of subject matter jurisdiction, the issue is whether they are shielded by sovereign immunity.  Though only the Government can claim sovereign immunity, Jackson's claims against the HUD defendants are effectively against the Government, and thus sovereign immunity may attach.

Because there is no express waiver as to claims for damages under Title VI or Title VIII, this relief is barred by sovereign immunity and is properly dismissed for lack of subject matter jurisdiction.  Through the APA, however, the Government expressly waived sovereign immunity as to claims for nonmonetary relief.  As a result, Jackson's claims for equitable relief cannot be dismissed on this basis.

Regarding the arguments for dismissal for failure to state a claim, Jackson has not alleged any intentional discrimination by Clausen, and so she fails to state a claim under Title VI.  To the extent Knox allegedly did not investigate or police violations of Title VIII, such conduct is not subject to action under Title VIII or the APA, and this claim also fails.  Jackson otherwise cannot bring direct action under certain HUD regulations or an executive order.  As a result, Jackson has no viable claims against the HUD defendants and dismissal is appropriate.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.      The HUD defendants' motion to dismiss (Doc. No. 16) be **GRANTED.**

2.      Jackson's motion to dismiss (Doc. No. 25) be **GRANTED.**

3.      To the extent Jackson seeks damages from the HUD defendants under either Title VI or Title VIII, such claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and to the extent Jackson seeks relief incident to her

remaining claims against the HUD defendants, the claims be **DISMISSED WITH PREJUDICE** for failure to state a claim.

    4.      The HUD defendants be dismissed from this litigation and judgment entered.

Dated this 18th day of March, 2011.

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

      Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **April 4, 2011.**  A party may respond to the objections within fourteen days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.